IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| v. | )   **CRIMINAL NO. 05-00153-WS** |
| | ) |
| **SEYMOUR ALFRED IRBY, IV,** | ) |
| | ) |
| **Defendant.** | ) |

**ORDER**

This matter comes before the Court on defendant's Motion for Further Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (doc. 76).

On December 19, 2005, defendant Seymour Alfred Irby, IV, pleaded guilty in this District Court to the offense of conspiracy to possess with intent to distribute crack cocaine, in violation of 21 U.S.C. § 846.  At sentencing, the undersigned found that Irby was accountable for at least 500 grams of crack cocaine, such that his base offense level was 36.  After appropriate adjustments, Irby's total offense level was set at 34 which, in conjunction with his criminal history category of IV, yielded a guidelines range of 210 to 262 months, with a mandatory minimum sentence of 240 months for the offense of conviction.  Based on the Government's motion for downward departure for substantial assistance filed pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e), the Court departed downward 25% from the low end of the applicable calculated guidelines range, resulting in a final sentence of 158 months.

On May 20, 2008, the undersigned entered an Order granting Irby's § 3582(c)(2) motion for reduction of sentence pursuant to Amendment 706 to the United States Sentencing Guidelines, which retroactively lowered the base offense level for certain crack cocaine offenses.  The Court determined that Irby was eligible for a two-level reduction in his offense level pursuant to retroactive application of Amendment 706, which lowered his total offense level to 32 and produced an amended guideline range of 168 to 210 months.  Implementing a comparable 25% reduction from the low end of Irby's amended guideline range, the Court modified Irby's sentence to 126 months.  (*See* doc. 75.)

In his latest § 3582(c)(2) Motion, Irby requests further reduction of his sentence on the grounds that, in light of pending legislation and stated policy objectives of the Executive Branch, "this court has the authority to depart from the egregious 100:1 'crack' cocaine guidelines based on policy concerns and disagreements ... that the treatment of 'crack' versus 'powder' cocaine creates an unwarranted disparity of petitioners [*sic*] 126 month sentence." (Doc. 76, at 3.) In other words, Irby seeks further retroactive sentencing relief pursuant to § 3582(c)(2) because of crack/powder cocaine sentencing disparities.

Generally, a sentencing court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see also United States v. Smith*, 568 F.3d 923, 926 (11th Cir. 2009) ("Under 18 U.S.C. § 3582(c)(1)(B), a district court may not modify a term of imprisonment once it has been imposed except when expressly permitted to do so."); *United States v. Williams*, 549 F.3d 1337, 1339 (11th Cir. 2008) ("As a general rule, district courts may not modify a term of imprisonment once it has been imposed, except in specific circumstances delineated in 18 U.S.C. § 3582(c)."). In granting Irby's previous motion for sentence reduction, the Court acted under the following express statutory authority:

> "[I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), ... the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

18 U.S.C. § 3582(c)(2). Contrary to Irby's argument, nothing in the text of § 3582 would authorize the Court to make further modifications to Irby's term of imprisonment at this time based on crack cocaine sentencing disparities, inasmuch as he has already received the full benefit of Amendment 706.[1]

---

[1] To be sure, Irby quotes a lengthy passage that he contends allows a district court to reduce a term of imprisonment "based solely on its view that the 100:1 ratio embodied in the sentencing guidelines for treatment of 'crack' cocaine versus 'powder' cocaine creates an unwarranted disparity." (Doc. 76, at 3.) Whatever the source of this language may be (and Irby does not identify it), it does not originate from the text of § 3582, in its present form, nor does it emanate from any Sentencing Commission policy statements. To the extent that Irby would have the Court take action pursuant to legislative proposals that have neither been enacted into law nor gone into effect, such a request is of course premature and inappropriate.

A defendant is eligible for relief under § 3582(c)(2) only if he can show that the Sentencing Commission has amended the Sentencing Guidelines in a manner establishing that his sentence should be modified.  *See United States v. Moreno*, 421 F.3d 1217, 1220 (11th Cir. 2005) ("Section 3582 only provides a district court with the discretion to reduce a sentence following the lowering of a sentencing range by the Sentencing Commission."); *United States v. Stossel*, 348 F.3d 1320, 1322 n.2 (11th Cir. 2003) ("Appellant's motion could fit under § 3582(c) only if he was arguing his sentence should be modified based on a subsequent sentencing guideline amendment."); *United States v. Armstrong*, 347 F.3d 905, 907 (11th Cir. 2003) ("for a sentence to be reduced retroactively under § 3582(c)(2), a court must determine whether there has been an amendment to the Sentencing Guidelines that has lowered the guideline range applicable to that sentence and is listed under § 1B1.10(c)").  This avenue for relief is a "limited and narrow exception to the rule that final judgments are not to be modified."  *Id.* at 909.  Irby's Motion does not contend that he is entitled to reduction of his sentence because of amendments to the Sentencing Guidelines by the Sentencing Commission; therefore, he is requesting relief that is not authorized by § 3582(c)(2).

Moreover, the Court is of the view that altering Irby's sentence based on crack/powder sentence disparities at this time would run afoul of the Sentencing Commission's directive that "the court shall substitute only [Amendment 706] for the corresponding guideline provisions that were applied when the defendant was sentenced and ***shall leave all other guideline application decisions unaffected***."  U.S.S.G. § 1B1.10(b)(1) (emphasis added).  The Eleventh Circuit has declared these Sentencing Commission policy statements to be binding on district courts confronted with § 3582(c)(2) motions in the crack amendment context.  *See United States v. Williams*, 557 F.3d 1254, 1256 (11th Cir. 2009) ("a district court may not reconsider any of its original sentencing determinations other than the provision subject to the amendment"); *United States v. Melvin*, 556 F.3d 1190, 1193 (11th Cir. 2009) (finding that "[a] proceeding under § 3582(c)(2) is not a full resentencing hearing" and that "[t]he district court was only permitted under § 3582(c)(2) to reduce Melvin's sentences consistent with the applicable policy statements of the Sentencing Commission").  Having already applied Amendment 706 to Irby's sentence and modified it accordingly, the Court lacks authority to tinker further with his sentence in the manner that he proposes.

Finally, to the extent that he intends to avail himself of *Kimbrough v. United States*, 552 U.S. 85, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007),[2] Irby's Motion fails because the Eleventh Circuit has categorically joined the circuits that "have held that *Booker* and *Kimbrough* do not apply to § 3582(c)(2) motions."  *Melvin*, 556 F.3d at 1192; *see also Smith*, 568 F.3d at 929 ("we recently held that *Booker* and *Kimbrough* do not apply to 18 U.S.C. § 3582(c)(2) proceedings"). Indeed, the *Melvin* court found that "*Booker* and *Kimbrough* do not prohibit the limitations on a judge's discretion imposed by § 3582(c)(2) and the applicable policy statement by the Sentencing Commission" and distinguished *Kimbrough* "because it addresses an original sentencing proceeding under an advisory guideline system," rather than a § 3582(c)(2) proceeding.  *Melvin*, 556 F.3d at 1192-93.  Therefore, *Kimbrough* and its progeny are not available to Irby in his § 3582(c)(2) motion.

In short, the Court is aware of no authority, whether in 18 U.S.C. § 3582 or elsewhere, that would permit the retroactive modification of a previously imposed sentence of imprisonment based on the sentencing court's views concerning the relative severity of crack and powder cocaine sentencing schemes, and the presence or absence of unwarranted disparities between them.

For all of these reasons, the Motion for Further Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (doc. 76) is **denied**.

**DONE** and **ORDERED** this 17th day of November, 2009.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[2] The Supreme Court held in *Kimbrough* that "it would not be an abuse of discretion for a district court to conclude when sentencing a particular defendant that the crack/powder disparity yields a sentence 'greater than necessary' to achieve § 3553(a)'s purposes, even in a mine-run case."  *Kimbrough*, 552 U.S. at 110.